**AMERICAN TELEPHONE & TELE-GRAPH COMPANY, Appellee,**

v.

**DUBUQUE COMMUNICATIONS CORPO-RATION, d/b/a Channel 40—KDUB–TV Corporation, and Gerald J. Green, Individually, Appellants.**

No. 2-56975.

Supreme Court of Iowa.

June 25, 1975.

Daniel P. Ernst and James L. Dahlquist, of Klauer, Stapleton, Ernst & Sprengelmeyer, Dubuque, for appellants.

James H. Reynolds, of Reynolds, Kenline, Breitbach, McCarthy & Clemens, Dubuque, for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

REYNOLDSON, Justice.

This is an appeal by corporate defendant from summary judgment entered in favor of plaintiff American Telephone and Telegraph Company (A.T.&T.) in an action for monies allegedly owed plaintiff for television communications services provided to defendant. We reverse.

April 6, 1973, A.T.&T. filed petition in district court alleging Dubuque Communications Corporation and its president, Gerald J. Green, owed plaintiff $13,400.20 for services rendered from May 4, 1970 to March 6, 1972. Alternative theories of recovery based upon oral contract and implied contract were pled in separate divisions. One week later plaintiff amended the petition to show services had been rendered up to April 6, 1973, but did not amend the amount prayed for.

May 8, 1973, pursuant to court order sustaining defendants' motion for more specific statement, A.T.&T. incorporated into its petition a two-page itemization of defendants' account dating from April 1, 1972 through April 12, 1973. This statement shows a "Final bill" on the latter date of $13,778.41 and also states "Effective 3–31–72 the account was current."

Defendants filed answer June 21, 1973, denying most allegations of the petition. Affirmative defenses in separate divisions alleged 1) defendants verbally requested termination of services in December 1971, and 2) the services were worth less than had been paid. See rule 72, Rules of Civil Procedure ("The answer * * * may contain as many defenses * * * as the pleader may claim, which may be inconsistent"). Defendant Green additionally pled he had acted solely in his capacity as an officer of defendant corporation.

Subsequently, on October 1, 1973, plaintiff sought leave to amend its petition to claim $22,456.87 as the amount owed. The record fails to show trial court ruled on this request. Rule 88, R.C.P.

Plaintiff's motion for summary judgment against defendant corporation only, filed November 7, 1973, sought judgment as a matter of law "for the amount prayed in the Petition," asserted an attached affidavit showed the facts stated in the petition were true, and stated plaintiff's belief no defense existed and no material facts were, or could be, disputed. The affidavit established the affiant, Karl Hayden, as custodian of A.T.&T.'s business records relating to television communication services furnished in Iowa. Hayden stated the records showed defendant corporation owed A.T.&T. $22,545.48 for services provided between May 4, 1970 and April 6, 1972. He affirmed all services were provided pursuant to rates and conditions set forth in tariffs filed with the Federal Communications Commission as required by federal law. No other papers

were filed to support the motion for summary judgment.

Although defendant corporation filed a resistance prior to hearing on the motion, no material supporting the resistance was filed until after hearing.

In ruling on the motion trial court disregarded defendant's tardy supportive material. See rule 237(c), R.C.P. The court found A.T.&T. had met its burden of showing there was no genuine fact issue in dispute and granted summary judgment against both defendants in the amount of $22,456.87. A subsequent nunc pro tunc order corrected the judgment by deleting defendant Green who had not been included in the motion for summary judgment.

Appealing, Dubuque Communications Corporation asserts trial court erred in finding A.T.&T. had made an adequate evidentiary showing to entitle it to summary judgment. A.T.&T. argues, "It is uncontested that the Defendant received the microwave television signal sent by the Plaintiff which benefited the Defendant, all elements of a cause of action on the theory of quantum meruit under general assumpsit" and further contends value of the services was established by tariff under federal laws judicially noticed by trial court, a conclusion unsupported by anything appearing in the ruling below.

■ I. At the outset we note defendant does not claim its resistance to the motions (filed by other counsel) was adequate to defeat a properly supported motion. While failure to adequately resist a motion for summary judgment is a dangerous course for defendant to take, it becomes fatal only if the summary judgment movant has met the burden of proof imposed upon it by rule 237, R.C.P. Daboll v. Hoden, 222 N.W.2d 727, 735 (Iowa 1974); Sherwood v. Nissen, 179 N.W.2d 336, 339 (Iowa 1970); 6 Moore's Federal Practice § 56.22[2], pp. 2824–2825 (2d ed.); 10 Wright and Miller, Federal Practice and Procedure § 2739, pp. 717–718 (1973).

Rule 237(e), R.C.P., provides, *inter alia*:

"When a motion for summary judgment is made *and supported as provided in this rule*, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him." (Emphasis supplied.)

We have held that language requires movant to establish by evidentiary matter the absence of a genuine issue and this is so even though no adequate resistance is made. Daboll v. Hoden, supra at 735; Mead v. Lane, 203 N.W.2d 305, 306–307 (Iowa 1972). A comparable requirement exists under the nearly identical federal summary judgment rule. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142, 154 (1970); 28 U.S.C.A. Rule 56, Notes of Advisory Committee on 1963 Amendment, p. 416; 6 Moore's Federal Practice § 56.15[3], p. 2339.

In discussing the quality of the evidence necessary to support a motion for summary judgment we have noted:

" 'A summary disposition * * * should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party.' "

—Daboll v. Hoden, supra at 735 *quoting* Sartor v. Arkansas Natural Gas Co., 321 U.S. 620, 624, 64 S.Ct. 724, 727, 88 L.Ed. 967, 971 (1944).

This conclusion proceeds in part from rule 237(c), R.C.P.:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact *and that the*

*moving party is entitled to a judgment as a matter of law.*" (Emphasis supplied.)

With these general principles in mind we view the materials properly before trial court in a light most favorable to defendant to determine if A.T.&T. met its burden. Daboll v. Hoden, supra at 731 and citations; 6 Moore's Federal Practice § 56.15[3], pp. 2337–2338 and citations.

It is readily apparent from our above factual summary there are glaring inconsistencies within A.T.&T.'s own papers. Hayden swore in his affidavit A.T.&T. was owed $22,545.48 for services rendered up to April 6, 1972. But the itemized accounting attached to the petition states "the account was current" as of March 31, 1972, and shows a zero balance as of April 30, 1972. Viewing the petition as it stood without the amendment (for which leave was sought but not obtained) A.T.&T. claimed $13,400.20 for services rendered up to April 6, 1973—a figure irreconcilable with both the affidavit and itemized account. The proffered amendment would not have resolved these conflicts. In fact, the amended petition would allege $22,456.87 due on a date when the itemized account indicates $13,364.95 was due. Finally, we note the amounts allegedly owed as they appear in the original petition, the offered amendment to the petition, the itemized account and the affidavit *all differ.*

Plaintiff's own papers, are self-contradictory, confusing and raise substantial and material factual questions. They indicate a possible liability by defendant ranging from $0 to $22,545.48. We may not attempt to resolve these inconsistencies in A.T.&T.'s favor either by making a factual determination or by choosing among several available inferences. Daboll v. Hoden, supra at 734; 10 Wright and Miller, Federal Practice and Procedure § 2727, pp. 526–528; see Allied Concord Financial Corp. v. Hawkeye Lbr. Co., 172 N.W.2d 264, 266 (Iowa 1969); 6 Moore's Federal Practice § 56.11[3], p. 2170 ( "Where the supporting affidavits are self-contradictory on material matters they do not meet this test." ).

■ On the basis of this record, it was error to award summary judgment on either count of the petition.

II. Having reached the above result, we do not extend this opinion by a detailed discussion of other alleged deficiencies in A.T.&T.'s supportive materials. We do note, however, the complete absence of any evidentiary matter relating to the alleged oral contract, its terms and conditions.

"A summary judgment is neither a method of avoiding the necessity for proving one's case nor a clever procedural gambit whereby a claimant can shift to his adversary his burden of proof on one or more issues. (Adickes v. S. H. Kress & Co. [1969] 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed. (sic) 142.) To obtain a judgment in favor of a claimant pursuant to his complaint, counterclaim or cross-claim, the moving party must offer evidence sufficient to support a finding upon every element of his claim for relief, except those elements admitted by his adversary in his pleadings, or by stipulation, or otherwise during the course of pretrial. A plaintiff seeking summary judgment who has failed to produce such evidence on one or more essential elements of his cause of action is no more 'entitled to a judgment' (Rule 56(c) Fed.R.Civ.Proc.) than is a plaintiff who has fully tried his case and who has neglected to offer evidence sufficient to support a finding on a material issue upon which he bears the burden of proof. (*See* 6 J. Moore, Federal Practice (2d ed. 1966) * * * § 56.22[2], at 2825.) In either situation there is a failure of proof."

—United States v. Dibble, 429 F.2d 598, 601 (9 Cir. 1970), *quoted in* Lloyd v. Lawrence, 472 F.2d 313, 318 (5 Cir. 1973).

Without intimating any opinion as to other possible deficiencies, we reverse.

Reversed.