Teri L. FERRIS, Appellant,

v.

Joseph S. ANDERSON and the Holmes Company, Appellees.

No. 2-58614.

Supreme Court of Iowa.

June 29, 1977.

Paul W. Deck, Sioux City, for appellant.

Charles R. Wolle, James M. Cosgrove and Gerald M. Kraai, Sioux City, for appellees.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Plaintiff, Teri L. Ferris, in this negligence action appeals from judgment entered in her favor claiming trial court erred in disallowing evidence of advance payments by defendants' insurer as an admission of liability and in permitting defendants to have the amount of these advance payments credited against judgment entered on $12,000 jury verdict. We affirm.

Plaintiff-appellant and her husband brought this action seeking damages for injuries she suffered when a car owned by defendant Holmes Company and driven by defendant Joseph Anderson struck the rear of her car as she prepared to enter Highway 75 South in Sioux City. In their amended petition plaintiff sought $250,000 for damages and her husband sought $75,000 damages for loss of consortium.

In their amended answer after generally denying plaintiffs' claim and raising contributory negligence and legal excuse as defenses, defendants affirmatively alleged that their insurer, Travelers Insurance Company, had made payments to plaintiffs in the amount of $3524.32 as an advance against any future judgment and prayed this sum be credited against any judgment entered for plaintiffs.

Trial court, pursuant to rule 186, Rules of Civil Procedure, ordered the offset issue be tried separately and further stated that "this portion of the ruling shall not preju-dice the rights, if any, of the plaintiffs with respect to claiming said payments were made under an admission of liability." Plaintiffs then filed a reply in which they admitted the advance payments and alleged they were admissions of liability.

Thereafter prior to trial of plaintiffs' cause, defendants filed a motion in limine seeking to prevent plaintiffs from introducing evidence their insurer had made advance payments to plaintiff. Supporting their allegation by affidavit, defendants stated the advance payments could not be considered an admission of liability because they were made by Travelers without their knowledge. James Weeks, Travelers Adjuster, also filed an affidavit in support of the motion stating the payments of medical bills were "as an advance against any future settlement or judgment and not as an admission of liability." Additionally defendants alleged plaintiffs were seeking to improperly interject liability insurance into the case. Plaintiffs resisted but trial court ultimately sustained the motion.

During trial plaintiffs made an offer of proof relative to matters and statements made by Weeks to them concerning the advance payments but they were not permitted to introduce this evidence for the jury's consideration.

The jury returned a verdict in the amount of $12,000 in favor of plaintiff and a defendants' verdict on her husband's claim. He has not appealed.

Defendants subsequently filed a motion for "summary judgment for credit or offset," seeking to have the $3524.32 advance payment applied against the $12,000 awarded to plaintiff in order to prevent a windfall double recovery for these expenses. Plaintiff filed no resistance to the motion which was sustained by the court. From the adverse evidentiary rulings and the credit entered against her judgment, plaintiff has appealed.

I. Plaintiff first contends trial court erred in sustaining defendants' motion in limine and in disallowing her prof-

fered evidence of advance payments by defendants' insurer.

These assigned errors which relate only to the issue of liability were cured by the favorable jury verdict and thus we need not consider them on appeal. Under the facts in this case the following statement from *Jones v. Iowa State Highway Commission,* Iowa, 185 N.W.2d 746, 749, is relevant:

> "The appellant in argument assigns a number of alleged errors committed upon the trial which it contends were prejudicial to it upon such trial. However, such errors, if any, are not available to the plaintiff as appellant on this appeal. Errors committed against it on the trial of the case were all cured by the verdict in its favor. Having won the verdict, all errors, if any, proved nonprejudicial to it."

Also see, *Hoyt v. Chicago, Rock Island and Pacific Railroad Co.,* Iowa, 206 N.W.2d 115, 119; *Everhard v. Thompson,* Iowa, 202 N.W.2d 58, 61; *Nassif v. Pipin,* Iowa, 178 N.W.2d 334, 337; *Edgren v. Scandia Coal Co.,* 171 Iowa 459, 474, 151 N.W. 519, 524, 525; *Thew v. Miller,* 73 Iowa 742, 743, 36 N.W. 771, 772. Plaintiff's first assignment is untenable.

II. Plaintiff next contends trial court improperly granted defendants' motion for summary judgment which credited the undisputed advance payments of $3524.32 against the $12,000 verdict returned by the jury.

■ Prefatorily we note plaintiff failed to resist defendants' motion in any manner whatsoever. While this failure to adequately resist a summary judgment motion is a dangerous course for any plaintiff to follow, it becomes fatal only if the summary judgment movant has met the burden of proof imposed upon it by rule 237, R.C.P. *A. T. & T. Co. v. Dubuque Communications,* Iowa, 231 N.W.2d 12, 14; *Daboll v. Hoden,* Iowa, 222 N.W.2d 727, 735; *Sherwood v. Nissen,* Iowa, 179 N.W.2d 336, 339. Thus we must determine whether trial court was correct in sustaining the motion.

■ This is our first occasion to determine whether a post judgment motion such as made by the defendant was the proper procedure for obtaining credit for advance payments. However, where the issue of offset has been properly plead so that a complete determination of the right to and amount of recovery may be had in the same action and has been separated from the liability issue to avoid prejudice under rule 186, R.C.P., we believe trial court should attempt to completely resolve the case and enter an appropriate judgment accordingly. *Folkner v. Collins,* 249 Iowa 1141, 1144, 1145, 91 N.W.2d 545, 547; *Hedinger v. Herweh,* 239 Iowa 1146, 1147, 1148, 34 N.W.2d 202, 203.

Several jurisdictions have now held that the absence of a specific advance payment statute on post judgment motions of this nature does not bar a trial court from incorporating the partial satisfaction in its judgment; to do otherwise permits a plaintiff to recover twice for the same damages. *Edwards v. Passarelli Bros. Automotive Service, Inc.,* 8 Ohio St.2d 6, 37 O.Ops.2d 298, 221 N.E.2d 708, 25 A.L.R.3d 1087; *Byrd v. Stuart,* 224 Tenn. 46, 450 S.W.2d 11. The Tennessee Supreme Court in adopting this position stated:

> "The facts in that case [*Edwards v. Passarelli Bros.*] were substantially identical to those in the instant case. There, the defendant, *after judgment* against him in the trial court, asked by motion for a credit toward satisfaction of the judgment. The Ohio Supreme Court, after noting that the defendant had no right to assert, in connection with the advance payment, until after judgment, and that furthermore a previous introduction of the advancement into the cause would insert 'extraneous insurance matters [which] would interfere with the trial and rules of evidence,' held that a post judgment motion such as made by the defendant was the proper procedure for obtaining credit for the advancement. There apparently is no specific statute in Ohio on post judgment motions of this nature and there is no statute in Tennessee.

"Certainly there can be no doubt that the procedure approved in Ohio is much to be preferred to the use of a separate action in equity to accomplish the same result.

"So far as we are aware, such post judgment motions are unknown in the practice and procedure of this state. We strongly feel, however, that matters such as this should be resolved in the suit at law. We conceive of no reason why, after the jury has returned its verdict and been discharged, and any motions for new trial and remittitur or additur have been disposed of, the defendant could not move the court to accept proof of the advance payment. Should the trial judge then find the advancement to have been made, he could incorporate the partial satisfaction in his judgment." 224 Tenn., pages 53, 54, 450 S.W.2d, pages 14, 15.

Also see *Boles v. Steel,* 48 Ala.App. 268, 271, 264 So.2d 191, 193; *Reese v. Chicago, Burlington & Quincy Railroad Co.,* 5 Ill.App.3d 450, 456, 457, 283 N.E.2d 517, 521, 522; Annot., 25 A.L.R.3d 1091.

We note that recently Indiana has statutorily provided for advance payments in personal injury and property damage cases. Indiana Code (1971), section 34–3–2.5–1, et seq.; *Monroe v. Strecker,* Ind.App., 355 N.E.2d 418. The purpose of that statute and cases permitting advance payments was well summarized by the Indiana Court of Appeals in 1969 in *Northern Indiana Public Service Company v. Otis,* 145 Ind. App. 159, 179, 180, 250 N.E.2d 378, 392 as follows:

"[T]here are good policy reasons to support the advance payment concept, not the least of which is the plain economic need of a severely injured person and the delays in our court system."

We believe the advance payment concept should be encouraged for these reasons and such sum paid credited against any final judgment.

The judgment of the lower court is affirmed.

AFFIRMED.