James E. LEWIS, Appellee,

v.

John W. KENNISON and CRST, a/k/a Cedar Rapids Steel Transportation, Appellants.

No. 62174.

Supreme Court of Iowa.

April 25, 1979.

David L. Brown and Chester C. Woodburn, III, of Hansen, Wheatcraft & McClintock, Des Moines, for appellants.

David S. Wiggins and Louis A. Lavorato, of Williams, Hart, Lavorato & Kirtley, West Des Moines, for appellee.

Considered by REES, P. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

ALLBEE, Justice.

This appeal involves the propriety of the admission of evidence of an advance payment on the theory that the payment was an admission of liability. The action arises from these events. On April 8, 1975, plaintiff, James E. Lewis, was driving his van on Southeast 18th Street in Des Moines. He stopped at an occupied railway crossing behind a semitrailer owned by defendant CRST and operated by its employee, defendant John W. Kennison. After plaintiff stopped, Kennison, without giving any warning, backed the semitrailer into plaintiff's van, causing damage to the van and injuring plaintiff.

Three days after the accident a representative of defendants contacted plaintiff. At that time the representative paid plaintiff $750.62 for damages to the van, and told plaintiff that "they would pay my medical bills and loss of wages." Plaintiff and his wife then signed a "Receipt for Advance Payment," which acknowledged their receipt of $750.62 "to be credited to the total amount of any final settlement, verdict, or judgment . . . for alleged damages resulting from . . ." the April 7 accident. The representative also took plaintiff's statement regarding how the accident occurred.

Legal action was commenced on December 29, 1976, and was tried before a jury in April, 1978. At trial plaintiff made an offer of proof, asking that trial court admit into evidence as an exhibit the advance payment receipt and plaintiff's testimony concerning the promise made by defendants' representative to pay plaintiff's medical bills and wage loss. During this offer plaintiff also testified, in response to inquiry by trial court, that at the time the advance payment was made he was not represented by a lawyer, nor had he contacted defendants to make a claim. Defendants objected to the proffered evidence "on the basis . . . of relevancy and

being inadmissible as void against public policy . . . ." Trial court admitted the evidence, indicating that in doing so it relied upon *Nehring v. Smith,* 243 Iowa 225, 49 N.W.2d 831 (1951).

The jury returned a verdict of $70,000 for plaintiff. Defendants brought this appeal after their motion for new trial was overruled. Their sole assignment of error is an attack on the admission of the described evidence.

I. Before reaching the merits of defendants' complaint we must resolve plaintiff's assertion that the objection which defendants entered in the trial court was not sufficient to preserve the error. The assertion is not well founded. It is generally held that offers to compromise disputed claims are inadmissible because they are irrelevant and because policy considerations require their exclusion. *See, e. g., McCormick on Evidence* § 274, at 663 (2d ed. E. Cleary 1972); 2 *Jones on Evidence* § 13:51, at 530–31 (6th ed. S. Gard 1972); *Annot.,* 15 A.L.R.3d 13, 17–18 (1967); Fed. R.Evid. 408, Advisory Committee's Note. It is true that the objection could have been improved by specifying the policy considerations involved: the policy which promotes the settling of disputes, *Id.,* and the policy which favors advance payments. *See Ferris v. Anderson,* 255 N.W.2d 135 (Iowa 1977). Nevertheless, in the present situation, where it is evident that the court understood the issue being raised and ruled on its merits, the error was preserved.

II. Trial court's reliance upon *Nehring v. Smith,* 243 Iowa 225, 231–34, 49 N.W.2d 831, 835–36 (1951), in admitting the evidence of advance payment was misplaced. *Nehring* was different from the present situation.

Of course, offers to compromise disputed claims are generally inadmissible as an admission of liability. *Lynch v. Egypt Coal Co.,* 190 Iowa 1272, 1278, 181 N.W. 385, 387 (1921); *accord, Hiram Ricker & Sons v. Students International Meditation Society,* 501 F.2d 550, 553 (1st Cir. 1974); *Sandman v. Hagan,* 261 Iowa 560, 571, 154 N.W.2d 113, 120 (1967); Fed.R.Evid. 408. In *Nehring* it was held that a defendant's statement that "he would settle with [plaintiffs] if it wasn't taken care of," 243 Iowa at 231, 49 N.W.2d at 835, was an admission rather than an offer of compromise because it was made before a controversy had arisen between the parties. 243 Iowa at 232–34, 49 N.W.2d at 835–36. The plaintiff here argues that because there was no dispute, there was nothing to compromise. We may assume, without deciding, that the statements by defendants' representative were made before any controversy arose because that factor is not determinative.

The critical difference between this case and *Nehring* is that this case involves advance payments, while *Nehring* did not. This difference leads to two reasons requiring that the evidence involved here be excluded.

First, an advance payment is either merely preliminary to settlement negotiations or an attempt to avoid the need for such negotiations. As such, the policy already alluded to which favors such negotiations requires that this evidence be excluded.

Secondly, and perhaps of greater importance, is the policy which this court recognized in *Ferris v. Anderson,* 255 N.W.2d at 138, to encourage and support the advance payment concept. *Cf.* 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 409[01] (1979) (referring to social policy which encourages assistance to an injured party by removing the risk that such action will be used in a subsequent trial as an admission). Advance payments serve to meet the economic needs of injured persons more rapidly than is possible through the court system. This is true regardless of whether they are made before or after a controversy actually arises. The existence of a controversy, which *Nehring* used as the distinction for determining whether a statement is an admission or an offer of compromise, has no relevance where genuine advance payments are implicated.

In brief summary, then, we make no inroads on the rule of *Nehring v. Smith* where the distinction between an admission or an offer of compromise is involved. We do hold, however, that the *Nehring* distinction has no relevance where genuine advance payments are involved. Evidence of such payments, whether they were made before or after the initiation of a controversy, must be excluded because its admission would deter their continued use.

III. Finally, plaintiff contends that any error in the admission of the evidence of an advance payment was harmless. He bases this claim on his assertion that the liability issue was not closely contested. But, prejudice is presumed where error is found unless the contrary is affirmatively established. *Vine Street Corporation v. City of Council Bluffs*, 220 N.W.2d 860, 863 (Iowa 1974). Plaintiff has failed to make an adequate showing of lack of prejudice. Defendants are entitled to a new trial.

REVERSED.