291 N.W.2d 308 (1980)
In re Floyd P. EICKMAN ESTATE, Marita A. Eickman, Executor.
Marita A. EICKMAN, Appellee,
v.
Max TUEL and Darlene Tuel, Appellants.
No. 63473.
Supreme Court of Iowa.
April 23, 1980.
*309 G. A. Minnich of Minnich & Neu, Carroll, and Ronald H. Schechtman, Carroll, for appellants.
Robert M. Sweere, Springfield, Mo., and John A. Beltz, Snook Law Office, Glidden, for appellee.
Considered by REYNOLDSON, C. J., and REES, McCORMICK, McGIVERIN and LARSON, JJ.
REES, Justice.
This appeal stems from the district court's sustention of plaintiffs' motions for summary judgment in their action to quiet title, and summary judgment for plaintiffs on defendants' counterclaim for specific performance of an alleged contract for the sale of the same land. We affirm in part, reverse in part and remand for further proceedings.
The plaintiffs, Floyd P. and Marita A. Eickman,[1] initiated this litigation on January 23, 1978, by filing an action for declaratory judgment seeking to establish the legal rights and obligations of the parties concerning farmland purchased by plaintiffs from the defendants in 1974. In May of 1978 plaintiffs filed an amended and substituted petition asking the court to reform a written assignment of contract by which the transfer of land between the parties had been accomplished to include a certain tract and to quiet title to the contested land in the plaintiffs. The defendants, Max and Darlene Tuel, responded with a counterclaim seeking specific performance of a settlement agreement, allegedly prepared by plaintiffs' counsel, and signed only by the defendants.
Plaintiffs requested several admissions of the defendants pursuant to Iowa Rule of Civil Procedure 127. They sought admissions that the omission of the eighteen-acre tract at issue from the conveyance of interest document was the result of scrivener's error or mutual mistake of the parties. The defendants objected to the requests for admissions and denied them for lack of information since the instrument had been prepared by the plaintiffs' financial institution. Plaintiffs moved to determine the sufficiency of defendants' responses. Their motion was initially overruled by Judge Paul E. Hellwege, whose order overruling the same provided that the motion could be raised again at the time of the pretrial conference. See Iowa R.Civ.P. 127.
At that time, in October of 1978, plaintiffs renewed their motion which was sustained by Judge James C. Smith on the ground that lack of knowledge cannot afford a sufficient answer to a requested admission absent a statement that a reasonable inquiry had been made regarding the subject matter of the admission. The court therefore ordered defendants to file an amended answer within twenty days or, in the event proper responses were not so filed, the requests would be deemed admitted. Defendants made an application to this court for an interlocutory appeal which *310 was denied on November 14, 1978. At no time did the defendants seek to stay the order of the district court. Defendants filed responses on December 12, some fifty days after the court's order, which were stricken by the district court upon plaintiffs' motion.
On November 20, the plaintiffs moved for summary judgment, both on their petition and the defendants' counterclaim, based on the matters deemed admitted and the record existing at that time. Defendants did not file any written response to plaintiffs' motion, their sole resistance being made at an unreported hearing on the matter on January 8, 1979. Plaintiffs' motions were sustained in a judgment and decree dated April 26, 1979, which reformed the assignment of interest document, quieted title to the contested acreage in the plaintiffs and ordered the defendants to vacate the premises. This court stayed enforcement of the district court's judgment pending resolution of this appeal.
The following issues are presented for our consideration:
(1) Did the trial court err in determining that defendants' response to plaintiffs' requests for admissions were insufficient and in later ordering the matters admitted after the defendants made no additional response?
(2) Did the trial court err in granting plaintiffs' motion for summary judgment in their action to reform the assignment of interest document and in quieting title to the land in question?
(3) Did the trial court err in sustaining plaintiffs' motion for summary judgment on defendants' counterclaim for specific performance of an unsigned settlement agreement?
As this action sounds in equity, our review is de novo. Iowa R.App.P. 4. Normally we would give nonbinding weight to the trial court's findings of fact. Iowa R.App.P. 14(f)(7). Since the issues presented involve only questions of law and not the determination of factual matters, we find it unnecessary to apply the rule.
I. The Tuels first contend the trial court erred in finding their response to plaintiffs' requests for admissions insufficient and in requiring an amended response in the alternative to finding the requests admitted. Tuels further contend that the rulings on the requested admissions were "mooted" by the deposition of Max Tuel, taken shortly before the requests were filed, in which Tuel stated that the disputed tract was not to have been included in the Eickman transfer and that he did not know why the tract was not included in the assignment of interest document because he was not involved in the drafting of the instrument. We do not find merit in these contentions.
We have not had previous occasion to comment upon or construe rules 127 and 128 of our Rules of Civil Procedure in the context presented by this case. Due to the fact that our rules on admissions are patterned on Federal Rule of Civil Procedure 36, we find federal interpretation of the analogous rule persuasive in construing our rule. E. g., Brody v. Ruby, 267 N.W.2d 902, 904 (Iowa 1978); Sherwood v. Nissen, 179 N.W.2d 336, 339 (Iowa 1970).
The Tuels contend that their initial responses were adequate in that they should not have been required to inquire of the scrivener of the assignment instrument, allegedly an agent of the plaintiffs, before answering. The responses to the requested admissions regarding scrivener's error and mutual mistake involved assertions of lack of knowledge, but did not state that reasonable inquiry had been made and that the information known or readily obtainable was insufficient to either admit or deny as is required by rule 127.[2] The trial court was thus correct in finding defendants' responses inadequate. That inquiry may be required of a third person is not an excuse. *311 See Anderson v. United Air Lines, Inc., 49 F.R.D. 144, 149 (S.D.N.Y.1969) ("It has been established that responses under Fed.R. Civ.P. 36 must be made based upon evidence within the parties' knowledge or capable of ascertainment by reasonable inquiry from third persons."); 4A Moore's Federal Practice § 36.04[6] (2d ed. 1978). A similar standard is applicable under our rule and was properly applied by the district court.
Defendants next allege that the order of the trial court in which it afforded them twenty days in which to answer or the matters would be deemed admitted was in excess of the authority granted the court under rule 127. Rule 127 provides: "If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served." We find nothing wrong with the order of the court. It merely states the legal effect of a failure to file an amended answer within the appropriate time period. See, e. g., Pleasant Hill Bank v. United States, 60 F.R.D. 1, 2 (W.D.Mo.1973). Additionally we can find nothing objectionable in the order when it was within the discretion of the trial court to immediately order the matters in question admitted.
We now reach defendants' alternative allegation of error. The defendants contend that the requested admissions were objectionable in that they were filed three days after the deposition of Max Tuel, in which he basically denied the substance of the requests, was taken. Although there may be merit in this contention, see Burns v. Phillips, 50 F.R.D. 187, 189 (N.D.Ga.1970), the defendants did not present this argument to the district court. Error was therefore not preserved. See In re Staros, 280 N.W.2d 409, 411 (Iowa 1979).
Defendants have not chosen to challenge the ruling of the district court when it struck their late responses to the requested admissions. We take this opportunity to note that federal courts, acknowledging the similarity of the procedures, apply the same test in deciding whether to accept a late response that they apply in determining whether to permit withdrawal or amendment of an admission. Such a determination lies in the discretion of the trial court and involves the following considerations: "The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission[s] fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Fed.R.Civ.P. 36(b). See, e. g., Warren v. International Brotherhood of Teamsters, 544 F.2d 334, 339-40 (8th Cir. 1976); Westmoreland v. Triumph Motorcycle Corp., 71 F.R.D. 192, 193 (D.Conn.1976); Pleasant Hill Bank v. United States, 60 F.R.D. at 3-4; Finman, The Request for Admissions in Federal Civil Procedure, 71 Yale L.J. 371, 432-33 (1962). The same language appears in our rule 128 and would make a like standard appropriate.
We hold the trial court did not err in finding that defendants' initial responses were not in compliance with rule 127, nor did it abuse its discretion in ordering that amended answers be filed. When these responses were not made, the matters were deemed admitted by operation of law.
II. The Tuels next object to the entry of summary judgment for the plaintiffs, claiming that the record before the district court evidenced the existence of several issues of material fact. In so doing the defendants seek to controvert the admissions which they were deemed to have made. Following examination of the record, we are constrained to hold that entry of summary judgment was not justified.
Summary judgment is appropriate when the moving party shows that there exists no material issues of fact and that it is entitled to judgment as a matter of law. Anita Valley, Inc., v. Bingley, 279 N.W.2d 37, 40 (1979); City of Eldridge v. Caterpillar Tractor Co., 270 N.W.2d 637, 640 (Iowa 1978). If reasonable minds could draw different inferences and conclusions from the undisputed facts, summary judgment is *312 improper. Daboll v. Hoden, 222 N.W.2d 727, 733-34 (Iowa 1974). The trial court is required to examine, in the light most favorable to the nonmoving party, the entire record before it including pleadings, admissions, depositions, answers to interrogatories and affidavits. Drainage District No. 119 v. City of Spencer, 268 N.W.2d 493, 499 (Iowa 1978); Meyer v. Nottger, 241 N.W.2d 911, 916-17 (Iowa 1976). A failure to file a resistance to a motion for summary judgment, as provided in Iowa Rule of Civil Procedure 237(e) is fatal only if the movant has sustained its burden of proof. Ferris v. Anderson, 255 N.W.2d 135, 137 (Iowa 1977); American Telephone & Telegraph Co. v. Dubuque Communications Corp., 231 N.W.2d 12, 14-15 (Iowa 1975). Opposing affidavits are not required, Mead v. Lane, 203 N.W.2d 305, 306 (Iowa 1972), but the party who does not file affidavits in response takes the risk of standing on the record established by the moving party. McCarney v. Des Moines Register & Tribune Co., 239 N.W.2d 152, 154 (Iowa 1976); American Telephone & Telegraph Co. v. Dubuque Communications Corp., 231 N.W.2d at 14.
Defendants did not file a written resistance to plaintiffs' motions and made only an oral resistance at the unreported hearing. Our review is thus limited to whether the movants carried their burden of proof. Initially the defendants also contend that the district court ruled against them because they did not file a resistance. Our examination of the trial court's ruling discloses no basis for this contention.
The Tuels also contend that their continued possession of the disputed land and the depositions of Max Tuel disclose a material issue of fact regarding their intentions in executing the assignment of interest agreement. In response the plaintiffs argue that the admissions which the defendants were deemed to have made are dispositive of questions now raised. We conclude that the record discloses the existence of at least one material issue of fact not eliminated by the admissions and must therefore reverse the summary judgment granted by the trial court.
The Tuels seek, in part, to contest their admissions by pointing out portions of the depositions which are inconsistent with or contrary to the matters deemed admitted. Such action is impermissible under our rules of civil procedure. The relevant portion of rule 128 provides that "[a]ny matter admitted under this rule is conclusively established in the pending action unless the court on motion permits withdrawal or amendment of the admission." Thus it was "conclusively established" that the omission of the contested tract from the transfer document was the result of scrivener's error and/or the mutual mistake of the parties. While rule 237(c) and our case law require an examination of the full record, matters which are admitted as of the time of the motion are not subject to dispute except by way of the motions stated in the rule. The trial court did not err in finding the admissions constituted undisputed facts.
Examination of the record, particularly the depositions of Max Tuel, does disclose a factual issue which is not disposed of by the admissions. The trial court found that Max Tuel had acknowledged that the document he signed was an assignment of his interests in the property. It is also clear from the depositions that Max Tuel thought that the purpose of the document which he signed was merely to allow the Eickmans to obtain financing, i. e., he did not understand the document evidenced the full and final agreement of the parties. In effect, his deposition raises the question of whether the assignment agreement is integrated. See Kitchen v. Stockman National Life Insurance Co., 192 N.W.2d 796, 800 (Iowa 1971). Despite the absence of any qualification or ambiguity on the face of the document, extrinsic evidence is admissible to show whether or not a writing is an integrated agreement. Fashion Fabrics of Iowa, Inc. v. Retail Investors Corp., 266 N.W.2d 22, 25 (Iowa 1978). There is competent evidence in the record to indicate the existence of a material issue of fact, whether Max Tuel understood the document which he signed to be the full and complete *313 embodiment of the transaction between the Tuels and the Eickmans. We do not find, as did the trial court, the record to clearly show that Max Tuel understood the instrument he signed to be a full assignment of his interest in the property. Further, given the facts of this case, particularly the Tuels' continued occupation of the land and the absence of the disputed tract from the initial survey undertaken by the Eickman's, the integration question is of great materiality in resolving this title dispute. Absent resolution of this issue, we are unable to conclude that the assignment instrument justified quieting title to the contested property in the Eickman's as a matter of law.
In so ruling we in no way mean to address the merits of this issue or to imply a result. We merely note the existence of a material issue of fact left unresolved by the admissions and evident in the record. We must therefore reverse the summary judgment granted the plaintiffs on their quiet title action and remand the case for further proceedings.
III. The defendants also assert that the trial court erred in sustaining plaintiffs' motion for summary judgment on the defendants' counterclaim for specific performance of a purported settlement agreement on the ground that the Iowa statute of frauds, section 622.32, The Code 1977, barred enforcement of the agreement, which had not been signed by the plaintiffs. For the reasons set forth below, we reverse.
We initially note that our statute of frauds does not bar the enforcement of unsigned or oral contracts coming within its provisions. It is a statutory rule of evidence which serves to limit the evidence which is competent regarding certain contracts. See Recker v. Gustafson, 279 N.W.2d 744, 748 (Iowa 1979); section 622.32, The Code. If the purported settlement agreement is rendered unenforceable as a matter of law by section 622.32, then the record must disclose no conceivable basis which would permit the admission of evidence of the agreement. Such a record would involve not only a showing that the contract is one such as is referred to in section 622.32, as was done by the moving party in this case, but an additional showing that no factual issue exists regarding the applicability of any of the exceptions to the statute listed in section 622.33. Only then could a court conclude that there exists no material issue of fact and that the moving party was entitled to a judgment as a matter of law. Cf. e. g., Freeman v. Continental Gin Co., 381 F.2d 459, 463-64 (1967) (Movant must show written agreement unambiguous before summary judgment would be granted under the parol evidence rule.). The plaintiffs did not make this latter showing, possibly due to the fact that they pled the statute as an absolute bar rather than as a rule of evidence. Consequently, the judgment of the trial court granting summary judgment must be reversed.
That the Tuels did not plead the statute of frauds is not of consequence since they had no obligation to reply, see Iowa R.Civ. Pro. 73, and the burden of proof to establish the basis for summary judgment is always on the moving party, regardless of who may have the burden of proof at trial. See Meyer v. Nottger, 241 N.W.2d 911, 916-17 (Iowa 1976); Daboll v. Hoden, 222 N.W.2d 727, 731 (Iowa 1974).
IV. In summation we hold: (1) the trial court did not err in requiring an amended answer to plaintiffs' requests for admissions and in ordering the matters admitted when the defendants did not make a timely response; (2) the district court erred in sustaining plaintiffs' motion for summary judgment; and (3) the district court erred in sustaining plaintiffs' motion for summary judgment on defendants' counterclaim. The judgment and decree of the district court is therefore affirmed in part and reversed in part. We dissolve our order staying said judgment and decree.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Subsequent to the filing of this appeal substituted as a party by order of this court. Floyd P. Eickman died. His estate was then
[2] Rule 127 provides in relevant part: "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny."