**WEBSTER CITY PRODUCTION CREDIT ASSOCIATION, Plaintiff-Appellee,**

v.

**G. O. IMPLEMENT, INC. and G. O. Oxenreider, Defendants-Appellants.**

**No. 2–65257.**

Court of Appeals of Iowa.

June 30, 1981.

Michael J. Streit of Morr & Shelton, P. C., Chariton, for defendants-appellants.

John D. Lloyd of Reynoldson, Van Werden, Kimes, Reynoldson & Lloyd, Osceola, for plaintiff-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

CARTER, Judge.

Defendant, G. O. Implement, Inc., appeals from a summary judgment for plaintiff in an action to enforce a security agreement. We affirm.

Plaintiff, Webster City Production Credit Association, had a perfected security interest in farm equipment and machinery possessed by Laws, Inc., a farming enterprise, and in the proceeds of such equipment and machinery to secure amounts owed it by Laws, Inc. On March 11, 1977, Laws, Inc., held a public auction in which the collateral was put up for sale. Before the auction commenced, Laws, Inc., with plaintiff's permission, announced that the property was being sold free and clear of any liens. The terms of the auction were for "cash" and no property was to be removed from the premises until settlement was made by the purchaser. Plaintiff and Laws, Inc., had agreed that the sale proceeds would apply against Laws' indebtedness to plaintiff. Defendant purchased eight items at the auction, bidding a total of $10,128 therefor. It issued its check in that amount, payable to Laws, Inc. As soon as defendant removed the collateral from the premises, it stopped payment on the check. Plaintiff subsequently commenced this action against defendant to recover the $10,128 bid at the sale. The trial court sustained plaintiff's motion for summary judgment for that amount.

Defendant asserts on this appeal that summary judgment was improperly granted because (a) there were no "proceeds" to which plaintiff's security interests attached, and (b) a factual issue is presented as to plaintiff's waiver of its security interest. We reject both contentions.

Under the circumstances presented, plaintiff's security interest attached to the cash proceeds represented by the check and it became entitled to collect this sum either from defendant's bank or defendant. The term "proceeds" under the UCC includes whatever is received when collateral is sold, exchanged, collected, or otherwise disposed of. The term includes an account arising when a right to payment is earned under a contract right. It specifically includes checks. § 554.9306, The Code; 68 Am. Jur.2d *Secured Transactions* § 186 (1973), 1044–45. The act of stopping payment on the check should not be permitted to defeat this perfected security interest.

There is no genuine issue of material fact sufficient to defeat summary judgment by reason of the claim by defendant that plaintiff waived its security interest in the proceeds. Such claim is apparently based on the contention that plaintiff agreed that defendant could have a setoff against the amount bid at the auction as a result of monies owed defendant by Laws, Inc.

In this regard, it is alleged in paragraph six of division X of defendant's answer that the collateral in question was purchased at the auction in consideration of a credit on past indebtedness. It is also revealed, however, in paragraph one of said division X that the amount of indebtedness known at that time was only $2,472.11. The amount bid at the auction was $10,128.

In a request for admissions filed pursuant to Iowa R.Civ.P. 127, plaintiff asked defendant to admit that neither the defendant nor anyone acting on its behalf advised the auctioneer, the clerk of the auction, the plaintiff, or anyone on its behalf, that its purchases at the auction were not for cash, but rather for credit against sums allegedly owed to defendant by Laws, Inc. Defendant did admit that this was true. In addition, in its response to request for admission number six, defendant stated that when it issued the check at the auction, it intended to allow the check to be honored. To the extent that answers to requests for admissions under Iowa R.Civ.P. 128 relieve the requesting party from proving the facts which are admitted, it logically follows that such answers also preclude the answering party from establishing facts inconsistent with said admissions. In the affidavit of defendant's president filed in resistance to plaintiff's motion for summary judgment, it is stated:

> That the Defendants were told prior to and on March 11, 1977, by the Laws, Inc. and the Plaintiffs Webster City Production Credit Association that the property would be sold free and clear of all liens and/or security interest. Furthermore, that *the Defendants were deceived into believing by the express statement of the Laws, Inc. and the Plaintiff that the set-off owed to the Defendants would be allowed.* (emphasis added)

Such statement is entirely inconsistent with the admission that defendant intended to honor the check at the time it was issued. Moreover, the content of this affidavit lacks the type of specific ultimate facts required by Iowa R.Civ.P. 237(e). *See Schulte v. Mauer,* 219 N.W.2d 496, 501 (Iowa 1974). The italicized language does not state that plaintiff told defendant a setoff would be allowed against the amount bid at the sale. Rather, it states that defendant was deceived into believing that such was the case by an express statement of plaintiff. The affidavit does not identify the contents of such express statement. To determine whether such express statement was sufficient for defendant to justifiably rely thereon, it is necessary to know what the statement was. The trial court interpreted the reference to an express statement to relate back to the earlier assertion in the affidavit that plaintiff had stated that the property would be sold free and clear of liens. If this is the express statement which is referred to, we cannot agree that defendant might reasonably infer therefrom that its setoff rights could be asserted against its cash bid at the auction. In any event, the claim of setoff is sufficiently inconsistent with the answers to requests for admissions to preclude any consideration of the affidavits.

The record reflects plaintiff released the liens it held on the collateral because it held a security interest in the cash proceeds to be received at the auction. The terms of the sale at auction provided for cash payment. To permit the defendant to take the collateral free of liens and also escape the obligation to pay the amount bid for the collateral at the sale would, on the present record, be an untenable result. The judgment of the trial court is affirmed.

AFFIRMED.

DONIELSON, Judge (dissenting).

I dissent.

Summary judgment is appropriate only when the moving party shows that there

exist no material issues of fact and that it is entitled to judgment as a matter of law. *In re Eickman Estate*, 291 N.W.2d 308, 311 (Iowa 1980); *Anita Valley, Inc. v. Bingley*, 279 N.W.2d 37, 40 (Iowa 1979); *City of Eldridge v. Caterpillar Tractor Co.*, 270 N.W.2d 637, 640 (Iowa 1978). The burden of showing the absence of any genuine issue of material fact is on the party moving for summary judgment. *Schulte v. Mauer*, 219 N.W.2d 496, 500 (Iowa 1974). In considering such a motion, a court is required to examine the record in the light most favorable to the party opposing the motion to determine whether the movant has met his burden. *Anita Valley, Inc.*, 279 N.W.2d at 40; *Iowa Department of Transportation v. Read*, 262 N.W.2d 533, 536 (Iowa 1978). If reasonable persons could draw different inferences and conclusions from the undisputed facts, summary judgment is not proper. *In re Eickman Estate*, 291 N.W.2d at 311–312; *Daboll v. Hoden*, 222 N.W.2d 727, 733–34 (Iowa 1974). In ruling on a motion for summary judgment, the trial court and this court on review must examine the entire record before it, including pleadings, admissions, depositions, answers to interrogatories, affidavits, and testimony. *Meylor v. Brown*, 281 N.W.2d 632, 634 (Iowa 1979); *Frohwein v. Haesemeyer*, 264 N.W.2d 792, 795–96 (Iowa 1978); *Brody v. Ruby*, 267 N.W.2d 902, 904 (Iowa 1978). If, under these principles, an examination of the record discloses any allegations of ultimate fact which, if found true, would constitute a good defense to the action, a motion for summary judgment must be overruled. *Schulte*, 219 N.W.2d at 500.

The trial court erred in granting plaintiff summary judgment. Plaintiff cannot enforce against defendant a security interest in the farm property, because he waived the interest at the auction. *See Lisbon Bank and Trust Co. v. Murray*, 206 N.W.2d 96, 97 (Iowa 1973); § 554.9306(2), The Code 1979. Plaintiff's security interest would continue in the proceeds of the sale. Section 554.9306(1), The Code 1979, defines "proceeds" as follows:

> "Proceeds" include whatever is *received* upon the sale, exchange, collection or other disposition of collateral or proceeds. Insurance payable by reason of loss or damage to the collateral is proceeds, except to the extent that it is payable to a person other than a party to the security agreement. Money, checks, deposit accounts and the like are "cash proceeds." All other proceeds are "noncash proceeds."

Plaintiff cannot enforce its rights against defendant in proceeds of secured property unless defendant *has* the proceeds. I believe there remains a material issue of fact as to who has the proceeds in this case. Plaintiff has not proven that defendant has the proceeds. Plaintiff has only proved that defendant has the farm equipment which prior to the sale was collateral and that defendant stopped payment on the check given at the sale. Defendant asserts that there was an agreement between himself and both plaintiff and Laws Inc. to allow defendant to setoff against the debt Laws owed defendant. Plaintiff denies this agreement was ever entered. Thus the existence or non-existence of this agreement is material to the issue of who, if anyone, has the proceeds of the farm equipment. Even if the agreement did exist, the record leaves considerable doubt as to whether defendant satisfactorily compensated Laws for the farm equipment. If the agreement did exist and if defendant's setoff was adequate compensation then Laws may have proceeds in the form of a reduction in the total amount of debt he owes to all his creditors. This would then in theory free up other assets to satisfy Laws' debt to plaintiff.

I would reverse and remand the case to determine who, if anyone, really has the proceeds of the sale.