**Richard UTHE, Plaintiff–Appellant,**

v.

**TIME–OUT FAMILY AMUSEMENT CENTERS, Defendant–Appellee.**

No. 89–1890.

Court of Appeals of Iowa.

June 25, 1991.

Thomas Mann, Jr. of Mann & Mann, Des Moines, for plaintiff-appellant.

Mark J. Wiedenfeld of Grefe & Sidney, Des Moines, for defendant-appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This is an action by an employee for breach of an implied employment contract and wrongful discharge from employment. The employee, plaintiff-appellant Richard Uthe, appeals following a verdict for the employer, defendant-appellee Time–Out Family Amusement Centers, Inc. Plaintiff contends the trial court erred in: (1) failing to rule the defendant had admitted certain facts by failing to timely respond to plaintiff's requests for admissions; (2) denying plaintiff's motion for directed verdict and motion for judgment notwithstanding the verdict; and (3) failing to admit certain evidence. We affirm.

Defendant has a number of amusement centers, including the one in Des Moines where plaintiff was employed. Plaintiff initially was employed as a part-time attendant in December 1987 and went to a full-time attendant in July 1988. The store manager was to leave Des Moines in July, and he began to train plaintiff to take over as store manager. In July plaintiff was left in charge of the store and was visited by a supervisor. Plaintiff saw the supervisor taking some promotional T-shirts and baseball caps. Plaintiff reported him. Plaintiff contended he had no problems prior to the time of the report. Defendant contended plaintiff had problems prior to the time of the report.

In August defendant, for a number of reasons, decided plaintiff was not promotable to store manager and told him to look for other employment. On September 8, 1988, plaintiff was terminated.

After the removal of the promotional items, plaintiff started tape recording all conversations with his supervisors. The supervisors were not aware the conversations were being recorded.

Plaintiff had no written employment contract but defendant provided an employee's manual. There is substantial disagreement about the course of events at the store, what plaintiff was promised and the reasons for his discharge.

After his discharge, plaintiff filed this suit against defendant contending he had been wrongfully discharged in violation of public policy, and defendant breached the implied contract it had with him by discharging him without just cause. Plaintiff contended the employee personnel manual he received constituted part of the employment contract defendant breached. Plaintiff alleged defendant fraudulently misrepresented he would be promoted to store manager if he showed he could do the job. After hearing the evidence, the jury found for defendant, and the district court dismissed plaintiff's claim. Plaintiff appeals.

I.

Plaintiff advances the trial court erred in not finding plaintiff's requests for

admission admitted. Plaintiff filed twenty-one requests for admission, seeking defendant's admission to certain events that allegedly occurred between plaintiff and defendant's employees. Plaintiff first contends defendant's responses were not timely and therefore all requests should be deemed admitted. Defendant contends the responses were timely considering mailing times and Saturdays and Sundays. The right to file late responses to requests for admission rests in the district court's discretion, which will not be disturbed except for an abuse. *Allied Gas & Chem. Co., Inc. v. Federated Mut. Ins. Co.*, 332 N.W.2d 877 (Iowa 1983), appeal after remand 365 N.W.2d 26 (Iowa 1985); *see also In re Eickman Estate*, 291 N.W.2d 308, 311 (Iowa 1980). The trial court did not abuse its discretion in allowing defendant's responses.

Plaintiff next contends defendant's responses, even if timely, were such that they admitted the requests. Iowa R.Civ.P. 127 provides in applicable part:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of R.C.P. 122 set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

\* \* \* \* \* \*

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may on motion allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.... The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify the party's answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of R.C.P. 134(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admission may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial.

\* \* \* \* \* \*

Defendant denied two of the twenty-one requests and gave the following answer to the other nineteen:

This request for admission is obviously derived from conversations between plaintiff Richard Uthe and a Time–Out Family Amusement Centers, Inc., employee. The conversation was apparently tape recorded by plaintiff Richard Uthe without the knowledge of the person or persons with whom he was speaking. The tapes of those surreptitiously recorded conversations will presumably be the best evidence of what was said in the subject conversations. The tapes and plaintiff's first transcript are in the possession of plaintiff's counsel and de-

fendant has not yet had the opportunity to inspect them. Thus plaintiff and his counsel are in a better position to determine what was said in the subject conversation.

This request for admission was propounded shortly after plaintiff's counsel deposed all of the Time–Out employees having any involvement in the Uthe matter. Plaintiff's counsel had the opportunity to inquire on this subject during the depositions and did so. The transcripts of the depositions are better evidence of these matters than counsel's recollections. The deposition transcripts are equally accessible to plaintiff and his counsel.

This request cannot be admitted or denied because the information is within the possession of the plaintiff. Plaintiff and his counsel are directed to their copies of the depositions, to their transcripts of the secretly recorded conversations, and to the plaintiff's tapes themselves.

This request cannot be admitted or denied for the further reason that the precise wording of the conversation referred to is not known to the defendant at this time.

Plaintiff filed a motion asking the trial court to declare defendant had admitted the matters contained in the requests that were not specifically denied. The trial court just prior to trial overruled the motion. The trial court found the admissions were denied. Plaintiff argues the responses given were not sufficient to constitute a denial, and the answers should have been deemed admitted. Defendant argues plaintiff was not prejudiced because plaintiff proved everything he asked defendant to admit.

■ After the requests for admission were served, the defendant had thirty days to answer or object. *See Committee on Prof. Ethics, Etc. v. Roberts*, 246 N.W.2d 259, 261 (Iowa 1976). Under Iowa R.Civ.P. 127 defendant also had the right to request additional time to answer the requests. Defendant did not request additional time. After defendant's answers were filed, defendant gained access to the tapes but did not amend its answers. The trial court's ruling came after defendant gained access to the tapes.

■ A primary purpose of Iowa R.Civ.P. 127 is to allow a matter to be conclusively established in the pending action. *See* Iowa R.Civ.P. 128, which provides in relevant part:

Any matter admitted under R.C.P. 127 is conclusively established in the pending action unless the court on motion permits withdrawal or amendment of the admission. . . .

That inquiry or further information may be required to answer a request is no excuse. *See In re Eickman Estate*, 291 N.W.2d 308, 310 (Iowa 1980). Responses must be made based on a person's knowledge or that he or she is capable of acquiring. *See Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 149 (S.D.N.Y.1969). We need not address the question of whether at the time defendant's response was due, the fact plaintiff still had the tapes and transcripts excused the defendant from admitting or denying the requested admissions. By the time the trial court ruled on plaintiff's motion, the defendant had had the tapes for considerable time and had not admitted or denied the request. The statements never having been denied stood admitted. The trial court erred in finding they were denied.

However, the error does not afford the plaintiff a new trial. The plaintiff proved all the requested admissions. Iowa R.Civ.P. 127 provided that with respect to a motion to determine the sufficiency of answer, the provisions of Iowa R.Civ.P. 134(c) apply. Iowa R.Civ.P. 134(c) provides:

If a party fails to admit the genuineness of any document or the truth of any matter as requested under R.C.P. 127, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that

(1) The request was held objectionable pursuant to R.C.P. 127, or

(2) The admission sought was of no substantial importance, or

(3) The party failing to admit had reasonable ground to believe that he might prevail on the matter, or

(4) There was other good reason for the failure to admit.

The plaintiff's recourse was under 134(c). Plaintiff made no request under this rule. We therefore need not address the issue of whether plaintiff would be entitled to relief under this rule.

## II.

■ Plaintiff next contends he should have had a directed verdict on certain issues. The trial court submitted plaintiff's claims for wrongful discharge, breach of contract, and fraudulent misrepresentation. Plaintiff contends the trial court should have decided these issues in his favor as a matter of law, and should have granted him a judgment notwithstanding the verdict.

We find no merit to this argument. The record is replete with factual disputes on all these issues. The trial court was correct in overruling plaintiff's motion for directed verdict and motion for judgment notwithstanding the verdict on these grounds.

## III.

■ Plaintiff challenges several evidentiary rulings. Plaintiff contends the trial court erred in admitting an evaluation report from the store. The report was admissible as a business record. *See* Iowa R.Evid. 803(6); *State v. Propps*, 376 N.W.2d 619, 620–21 (Iowa 1985).

■ Plaintiff contends the trial court erred in failing to admit certain evidence. Plaintiff sought to introduce into evidence a number of tapes and transcripts of tapes. The trial court allowed one tape to be played to the jury. Plaintiff contends the trial court erred in not admitting a transcript of that tape. Defendant contends the transcript of the tape was not accurate. The jury has heard the tape. We find no error in not admitting the transcript.

The plaintiff also contends the trial court should have admitted a series of other tapes. Plaintiff cites no authority to support his proposition. We find no abuse of discretion in the trial court's refusal to admit the other tapes.

■ Plaintiff last contended the trial court erred in refusing to admit a notice from Job Service indicating defendant did not show plaintiff's misconduct. Plaintiff contends the notice is admissible. He cites *Norton v. Adair County*, 441 N.W.2d 347, 358 (Iowa 1989), as authority for his proposition. In *Norton*, plaintiff seeking to support a claim he had been discharged from employment without proper cause sought to introduce a Job Service decision as an exhibit. The supreme court determined the trial court had not abused its discretion in allowing introduction of the evidence. *Id.*

What the plaintiff's argument ignores is defendant objected to the exhibit on foundational grounds. The proffered exhibit was an alleged copy of the Job Service decision, but it was not certified or authenticated. As a judicial record of an administrative tribunal in Iowa, it should have been certified to meet foundational requirements. *See generally,* Iowa Code § 622.-53. Because it was not certified, the trial court properly sustained the defendant's objection to its admission on foundational grounds.

AFFIRMED.

OXBERGER, C.J., concurs.

HABHAB, J., specially concurs.

HABHAB, Judge, specially concurring.

I specially concur in the result reached by the majority. The majority sets forth a substantial part of rule 127. However, I think the last sentence of the third paragraph of that rule is determinative of the problem before us. That sentence provides:

The provisions of R.C.P. 134(a)(4) apply to the award of expenses incurred in relation to the motion.

**640**

Iowa Rule of Civil Procedure 134(a)(4) must, of course, be considered when a violation of Iowa Rule of Civil Procedure 127 occurs. The rule, in effect, permits the awarding of reasonable expenses, including attorney's fees, to an aggrieved party.

The reference to Iowa Rule of Civil Procedure 134(a)(4) in rule 127 plays an additional role for it is the section that provides sanctions and remedies for aggrieved parties. I hasten to add that nowhere in rule 127 is there a provision that a verdict will be set aside as suggested by the plaintiff because a party fails to comply with its provisions.

I believe the sanction remedy is consistent with writings that have taken place when interpreting Federal Rule of Civil Procedure 36. When discussing improper denials or failure to admit under Federal Rule of Civil Procedure 36 (a rule quite similar to ours), the following statement appears in West Federal Practice Manual Rev.2d Ed. Vol 7 §§ 7691–10000 at § 8460:

> The only penalty for improper denial or a failure to admit that which should have been admitted is set out in rule 37(c). In such instance "if the party requesting the admissions thereafter proves the genuineness of the documents or the truth of matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees."

Thus, under our rule 127, when the requests for admission were filed, the party to whom the request is directed must serve upon the party requesting the admission a written answer or objection addressed to the matter. The answer must specifically deny the matter or set forth in detail the reasons why the answering party cannot quickly admit or deny the matter. If the party requesting the admission is dissatisfied, he may move to determine the sufficiency of the answers or objections. If the court determines that an answer does not comply with the requirements of rule 127, it may order either that the matter stands admitted or that an amended answer be served.

Here the plaintiff was not satisfied with the answers submitted by the defendant. The plaintiff then filed a motion asking the trial court to declare defendant had admitted the matters contained in the requests that were not specifically denied. This motion was attended to by the trial court and subsequently overruled. The trial court essentially found that the requests for admissions stood denied.

We have often said that the trial courts have considerable discretion in ruling on discovery matters. This does not mean to say there are not instances when the appellate courts of this state have found an abuse of that discretion. The plaintiff's remedy on appeal is whether the trial court abused its discretion in overruling the plaintiff's motion asking the court to rule his requests should stand admitted. I find no abuse of discretion. Thus I would affirm.