**ALLIED GAS & CHEMICAL COMPANY, INC., Appellee,**

v.

**FEDERATED MUTUAL INSURANCE COMPANY, Appellant.**

**No. 68190.**

Supreme Court of Iowa.

April 20, 1983.

Timothy J. McKay and John N. Moreland of McKay & Moreland, P.C., Ottumwa, for appellant.

Brent B. Green and Arthur E. Gamble of Gamble, Riepe, Burt, Webster & Davis, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., UHLENHOPP, HARRIS, and CARTER, JJ., and LEGRAND, Senior Judge.

UHLENHOPP, Justice.

The question presented in this appeal is whether the district court abused its discretion in refusing to allow the untimely filing of a response to a request for admissions.

Fire destroyed a fertilizer storage facility and contents owned by plaintiff Allied Gas & Chemical Company, Inc. (Allied). Several of Allied's business properties, including this storage facility, were insured by defendant Federated Mutual Insurance Company (Federated). Federated paid Allied's claim on the destroyed building but denied coverage of the contents.

Allied's policy with Federated included a "Reporting Endorsement" which required Allied to file written quarterly reports detailing the actual cash value of insured property and its exact location at the end of the quarter. This value was used in computing the premium. Failure to file a report required use of the last-filed report prior to a loss.

Allied filed its first quarterly report in 1979 stating a value of $60,000 for the inventory in the storage facility in question. Although the facility in fact contained inventory, Allied filed a second quarterly report in which it listed the value of the inventory in the facility as "$_____." Thereafter the fire occurred. Allied contends the second report constitutes a failure to file a report, bringing into play the previously reported value of $60,000 from the first report. On the other hand, Federated argues this blank space shows no inventory in the building, no premium for inventory, and no coverage of inventory. As this was the last filed report before the fire, Federated urges it has no liability for the contents of the building.

Allied commenced action against Federated on April 30, 1980, seeking to recover the value of the contents. Extensive discovery ensued, and on September 21, 1981, Allied served further discovery papers on Federated including a request for admissions. Responses to such requests are due within thirty days of service, and requests not answered within that time are deemed admitted. Iowa R.Civ.P. 127. No response to this request was filed.

Trial was set for March 16, 1982, and a pretrial conference was scheduled for March 1, 1982. At the pretrial conference, Allied's counsel stated that Federated had not responded to the September request for admissions. Federated's counsel explained that answers had been prepared in rough form, but he was unaware they had never been served. He then orally responded to the request for admissions by dictating the probable answers, denying some requests and admitting others.

The trial court rescheduled the trial for March 30, 1982, and ordered Federated to respond to the request for admissions and other unanswered discovery requests by March 5, 1982. Allied's counsel indicated he would move for summary judgment, and the trial court ordered that motion also to be filed by March 5, 1982. A hearing on the effect of Federated's failure timely to respond to the request for admissions was set for March 15, 1982.

On March 5, 1982, Federated filed a motion for extension of the time allowed by rule 127 to file a response to Allied's request for admissions. Federated stated in the motion that its tardiness was due solely to counsel's inadvertance, and that the problem was first brought to its attention at the pretrial conference. Attached to the motion was Federated's proposed response to the requests for admissions—the same as the answers orally presented at the pretrial conference. On the same date, Allied filed a motion for summary judgment, based in large part on those items which would be admitted on Federated's failure to respond to the request for admissions on time. On March 12, 1982, Allied filed its resistance to Federated's motion for extension of time, and moved to strike Federated's response to request for admissions as untimely. On March 15, 1982, Federated filed a motion for continuance, asking the court to delay consideration of the summary judgment motion until the court had ruled on Federated's pending motion for extension of time.

After a hearing on March 15, 1982, the district court denied Federated's request for extension of time. On March 22, 1982, Federated sought an interlocutory appeal from the denial. We granted interlocutory appeal and stayed further proceedings on Allied's summary judgment motion pending outcome of the appeal.

I. Iowa Rule of Civil Procedure 127 states in part:

The matter is admitted unless, within thirty days after service of the request, *or within such shorter or longer time as the court may on motion allow* . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.

Rule 128 states in part:

Any matter admitted under this rule is conclusively established in the pending action unless the court on motion permits withdrawal or amendment of the admission. . . .

[T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

■ Federated characterizes its motion as one for extension of time to respond—a rule-127 motion. The parties and district court, however, considered the motion under the standard for withdrawal in rule 128. This court has previously acknowledged the similarity between rulings on a motion to file an untimely response and a motion to amend or withdraw an admission. *In re Estate of Eickman,* 291 N.W.2d 308, 311 (Iowa 1980). No distinction is drawn between the two types of motions in federal court, *Pleasant Hill Bank v. United States,* 60 F.R.D. 1, 3 (W.D.Mo.1973), and we find no need to do so either. *See Riley v. Northern Commercial Co.,* 648 P.2d 961, 964 (Alaska 1982) (submission of untimely response is equivalent to an attempt to withdraw admission).

In *Eickman,* a challenge was made to the *content* of the response to request for admissions. We adopted the federal standard for determining the circumstances under which withdrawal or amendment of admissions is permissible:

Due to the fact that our rules on admissions are patterned on Federal Rule of Civil Procedure 36, we find federal interpretation of the analogous rule persuasive in construing our rule.

. . . .

Such a determination lies in the discretion of the trial court and involves the following considerations: The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission[s] fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Fed.R.Civ.P. 36(*b*). *See, e.g., Warren v. International Brotherhood of Teamsters,* 544 F.2d 334, 339–40 (8th Cir. 1976); *Westmoreland v. Triumph Motorcycle Corp.,* 71 F.R.D. 192, 193 (D.Conn. 1976); *Pleasant Hill Bank v. United States,* 60 F.R.D. at 3–4; Finman, *The Request for Admission in Federal Civil Procedure,* 71 Yale L.J. 371, 432–33 (1962). The same language appears in our rule 128 and would make a like standard appropriate.

*Eickman,* 291 N.W.2d at 310, 311.

■ No *right* exists to file a late response. *State of North Dakota v. Newberger,* 613 P.2d 1002, 1006 (Mont.1980). The decision rests in the district court's discretion which will not be disturbed on appeal unless the discretion is abused. *Id. See Graen's Mens Wear, Inc. v. Stille-Pierce Agency,* 329 N.W.2d 295, 298, 301 (Iowa 1983); *Sullivan v. Chicago & Northwestern Transportation Co.,* 326 N.W.2d 320, 324 (Iowa 1982).

Contrary to Federated's argument, the district court did consider and apply the two-prong standard enunciated in *Eickman.* Indeed the court set out the *Eickman* standard in its ruling.

■ II. On the first prong of the standard, Federated argues that the issues deemed admitted go to the heart of its defense. An admission is not improper because it relates to an ultimate fact or to an issue that is dispositive of the case. *Asea, Inc. v. Southern Pacific Transportation Co.,* 669 F.2d 1242, 1248 (9th Cir.1982). The district court agreed that the issues deemed admitted would be "highly material" to the cause of action.

■ The district court went on to find that Allied had satisfied the second prong of the *Eickman* standard; the court held that Allied would be prejudiced. The court pointed out that Allied would be forced on the eve of trial to ascertain which elements it had to prove, and to arrange for the proof. The court stated, "Plaintiff had every right to assume that when denials were not forthcoming to his Request for Admissions within 30 days of September 22, 1981, that they involved matters he would not be called upon to prove."

III. Other courts have found prejudice where a party is suddenly required to prove matters otherwise admitted. *Brook Village North Associates v. General Electric Co.,* 686 F.2d 66, 70 (1st Cir.1982) (difficulty in suddenly proving case due to unavailability of witnesses); *Weva Oil Corp. v. Belco Petroleum Corp.,* 68 F.R.D. 663, 666–67 (N.D. W.Va.1975) (proving items otherwise admitted would be costly, time consuming, and dilatory); *Innovate, Inc. v. United Parcel Service, Inc.,* 275 Pa.Super. 276, 285, 418 A.2d 720, 724 (1980) (prejudice in having to proceed to trial where summary judgment otherwise would be entered based on issues deemed admitted); *Commonwealth v. Diamond Shamrock Chemical Co.,* 38 Pa. Commw. 89, 94, 391 A.2d 1333, 1336 (1978) (prejudice in time spent preparing for summary judgment based on issues deemed admitted). While Federated may think the trial court looked solely to the *length* of its delay in responding, we think the court properly considered the lengthy delay in determining the *degree* of prejudice to Allied.

IV. We sympathize with Federated's position and recognize the untimely response was due to inadvertence, but we agree with the Alaska Supreme Court:

> To be sure, Rule 36 does not compel the automatic rejection of late responses.... [S]uch a rigid rule would result in the unjustified suppression of the merits. In the same vein, however, too liberal sufferance of a litigant's procrastination is equally undesirable, since such a policy would undermine the purposes of the rule.

*Riley v. Northern Commercial Co.,* 648 P.2d 961, 965 (Alaska 1982). We note that other courts have refused leave to withdraw or amend admissions based on inadvertence or excusable neglect on the part of counsel. *Peppers v. Siefferman,* 153 Ga.App. 206, 207, 265 S.E.2d 26, 27 (1980) (failure to respond due to "an accidental mix-up, a pure accident"); *Hanchar Industrial Waste Management, Inc. v. Wayne Reclamation & Recycling, Inc.,* 418 N.E.2d 268, 270 (Ind. App.1981) (two-pronged standard makes no reference to excusable neglect or inadvertance); *Wagner v. Carex Investigations & Security, Inc.,* 93 Nev. 627, 629, 572 P.2d 921, 922 (1977) (counsel dictated answers to secretary but never formally served them); *Commonwealth v. Diamond Shamrock Chemical Co.,* 38 Pa.Commw. 89, 94, 391 A.2d 1333, 1336 (1978) (clerical error, heavy caseload, and understaffing); *Trevino v. Central Freight Lines,* 613 S.W.2d 356, 359 (Tex.Civ.App.1981) (attorney's neglect).

We also have considered, but found without merit, Federated's proposal that its motion for extension of time be granted with the reservation that Allied can apply for reimbursement of its expenses from Federated.

V. The question in this appeal is not whether we would permit the untimely responses to be filed. The question is whether the district court abused its discretion in refusing to permit them to be filed. We are constrained to hold that the district court did not abuse its discretion, by virtue of our recent holding in *Sullivan v. Chicago*

& *Northwestern Transportation Co.,* 326
N.W.2d 320, 324 (Iowa 1982).

AFFIRMED.