**DOUBLE D LAND AND CATTLE CO., INC., Plaintiff–Appellant,**

v.

**Michael BROWN, Patrick Deveny, David J. Isaacson, and Isaacson & Clarke, P.C., Defendants–Appellees.**

No. 93–1936.

Court of Appeals of Iowa.

Oct. 31, 1995.

George T. Qualley of Qualley & Associates, Sioux City, for appellant.

David L. Brown of Hansen, McClintock & Riley, Des Moines, for appellee Michael Brown.

Wayne I. Wilson of Bowers, Wilson, Dollar & Kruse Law Offices, Des Moines, for appellee Patrick Deveny.

David J. Isaacson of Isaacson & Clarke, P.C., Des Moines, pro se.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Plaintiff, Double D Land and Cattle Co., Inc. (Double D), sold its contract purchaser's interest in a parcel of real estate to defendant, Michael Brown, in July 1989. In June 1992, Double D filed an action[1] against Brown, his attorneys, Patrick Deveny and David J. Isaacson, and the law firm of Isaacson & Clarke, P.C., alleging breach of an oral contract to finance development of the real estate, fraud, and negligent misrepresentation in inducing Double D to convey the real estate, and conversion of the real estate. Plaintiff failed to timely respond to requests for admissions. The trial court deemed the requests as admissions and sustained defendant's summary judgment motion. Plaintiff appeals. We affirm.

About July 1, 1988, plaintiff purchased, on contract, a 140–acre parcel of real estate from Ronald and Bonnie Baker. On July 10, 1989, plaintiff sold its contract purchaser's interest in the Baker real estate to Michael

---

1. In September 1992, the petition was amended to include a claim for quiet title to the real estate.

Brown. The closing was held the same date at the law office of defendant Isaacson & Clarke, P.C.

Plaintiff was present at the closing by its president, David C. Rosenberger. Plaintiff's legal representation throughout the negotiations and at the closing was provided by Larry Seckington and Cliff Swartz. David C. Rosenberger was also present at the closing in an individual capacity, as was Doris Rosenberger. Mr. and Mrs. Rosenberger were also represented at the closing by attorneys Seckington and Swartz.

Defendant Deveny was one of the attorneys who represented Brown in the transaction with plaintiff. Defendant Isaacson also represented Brown. Isaacson is a shareholder in the law firm of Isaacson & Clarke, P.C. Deveny dealt and negotiated directly with plaintiff through David C. Rosenberger, the president of plaintiff. Isaacson was retained by Brown to draft the documents necessary to complete the purchase of the real estate and to deal with plaintiff's attorneys.

Double D first sued all the named defendants on December 26, 1989, in Polk County, Iowa. On January 11, 1990, David C. Rosenberger, the president of Double D, acting in his individual capacity, and Doris Rosenberger, his wife, filed a lawsuit against all the defendants in Dallas County, Iowa, relating to the same real estate transaction. Defendants each filed motions to consolidate the two cases in Polk County, Iowa. These motions were sustained and the two cases were consolidated in Dallas County, Iowa. On June 5, 1992, plaintiff filed an additional lawsuit in Polk County, Iowa. This suit was identical to the lawsuit filed on December 26, 1989. By order filed September 22, 1992, plaintiff was permitted to dismiss, without prejudice, the lawsuit it had pending in Dallas County, Iowa. The instant lawsuit in Polk County was allowed to continue. This is the lawsuit which is now before this court.

In February 1993, Brown and Deveny each served Double D with a request for admissions of a number of factual statements. Double D did not respond to the requests within the time set out in the rules, nor within the additional time it requested. Consequently, the district court granted Brown and Deveny's motions to deem admitted all of their requests for admissions. Double D filed a motion for reconsideration arguing, among other things, it was awaiting a ruling on its previous motion for enlargement of time to respond to discovery requests and this constituted excusable neglect. The district court denied the motion to reconsider, overruling any motion for enlargement of time filed by Double D and Double D's resistance to defendants' motions to strike its late responses. The supreme court denied Double D's subsequent application for discretionary review.

Defendants filed motions for summary judgment. The district court granted the motions.

Double D appeals.

**I. Requests for Admissions.** On appeal, Double D contends the district court erred in deeming as admitted defendants' requests for admissions. Double D argues (1) the district court applied an incorrect standard; (2) the district court should have allowed late responses to be filed; and (3) no prejudice would have been suffered by late responses being filed.

██ Review of this issue is for errors at law. Iowa R.App.P. 4. The right to file late responses to a request for admissions rests in the court's discretion. Iowa R.Civ.P. 127. The district court's decision regarding late responses will not be disturbed on appeal unless there is an abuse of discretion. *Uthe v. Time–Out Family Amusement Ctrs.*, 475 N.W.2d 635, 637 (Iowa App.1991). In order to show an abuse of discretion, one generally must show the court exercised its discretion " 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor*, 132 Vt. 603, 326 A.2d 138, 140 (1974)).

 Although Double D appears to argue the contrary, Iowa law has clearly stated there is no right to file a late response to a request for admissions. *Allied Gas & Chem. Co. v. Federated Mut. Ins. Co.*, 332 N.W.2d 877, 879 (Iowa 1983). The district court is under no obligation to allow late filing of

responses; rather, the district court has discretion as to whether such late responses will be allowed. Iowa R.Civ.P. 127, 128. In making this determination, the district court is to consider (1) whether the presentation of the merits would be subserved by a late filing, and (2) whether the party who obtained or requested the admissions failed to satisfy the court that he would be prejudiced by a late filing. *Allied Gas,* 332 N.W.2d at 879.

Our supreme court has acknowledged the similarity between rulings on a motion to file an untimely response and a motion to amend or withdraw an admission. *In re Estate of Eickman,* 291 N.W.2d 308, 311 (Iowa 1982). The supreme court in *Allied Gas* stated:

> In *Eickman,* a challenge was made to the *content* of the response to request for admissions. We adopted the federal standard for determining the circumstances under which withdrawal or amendment of admissions is permissible:

>> Due to the facts that our rules on admissions are patterned on Federal Rule of Civil Procedure 36, we find federal interpretation of the analogous rule persuasive in construing our rule.

>> . . . .

>> Such a determination lies in the discretion of the trial court and involves the following considerations: The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission[s] fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Fed.R.Civ.P. 36(b). *See, e.g., Warren v. International Brotherhood of Teamsters,* 544 F.2d 334, 339–40 (8th Cir.1976); *Westmoreland v. Triumph Motorcycle Corp.,* 71 F.R.D. 192, 193 (D.Conn.1976); *Pleasant Hill Bank v. United States,* 60 F.R.D. [1] at 3–4 [W.D.Mo.1973]; Finman, *The Request for Admission in Federal Civil Procedure,* 71 Yale L.J. 371, 432–33 (1962). The same language appears in our rule 128 and would make a like standard appropriate.

*Eickman,* 291 N.W.2d at 310, 311.

*Allied Gas,* 332 N.W.2d at 879.

■ Like in the *Allied Gas* case, the issues deemed admitted here go to the heart of the defense. But, "an admission is not improper because it relates to an ultimate fact or to an issue that is dispositive of the case." *Id.* at 880.

■ Contrary to plaintiff's argument, the trial court did consider and apply the two-prong standard set forth in *Eickman.* While the district court did not set out in its written order the specific considerations called for in *Allied Gas,* the record does not reveal an abuse of discretion on the part of the district court. Double D failed to file responses within the required thirty days. In addition, Double D failed to provide responses within the additional time it requested in its motion for enlargement of time to respond. We find substantial support in the record before us that the second prong of the *Allied Gas* test has been satisfied. There is a series of cases that makes reference to the finding of prejudice. *See Allied Gas,* 332 N.W.2d at 880. Prejudice is clear in this case. We quote the following from *Allied Gas:*

> The question in this appeal is not whether we would permit the untimely responses to be filed. The question is whether the district court abused its discretion in refusing to permit them to be filed.

*Id.* at 880.

■ A party on whom a request for admissions of fact is served runs the risk that the facts as set forth in the request for admissions will be conclusively binding if the choice is made not to file an answer to the request for admissions or file objections to the request. As set forth in the next division, admissions may properly form the basis for entry of summary judgment. We conclude the district court did not abuse its discretion in deeming as admitted the defendants' requests for admissions.

■ **II. *Motion for Summary Judgment.*** Double D also contends the district court erred in granting the motion for summary judgment. Summary judgment is ap-

propriate only if there exists no genuine issue of material fact. *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact. *Id.* The evidence must be viewed in the light most favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). This procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party. *Id.* A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Id.* If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne*, 424 N.W.2d at 423.

However, the nonmoving party may not simply rest on its pleadings and allegations once a motion for summary judgment is filed.

> When a motion for summary judgment is made and supported as provided in [Iowa R.Civ.P. 237], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Iowa R.Civ.P. 237(e).

Double D's first argument is the district court erred in substantially basing its ruling on issue preclusion due to the prior federal lawsuit.[2] We find this claim to be clearly erroneous. The district court, in its order on the motion for summary judgment, stated in part:

> The admitted requests encompass all of the material facts related to the issues raised by the plaintiff's lawsuit. The admissions, by themselves, eliminate all potential disputes about the underlying facts upon which the allegations of the various counts in the Petition are based. The facts have been conclusively established by the preclusive admissions. This court has so ruled on two separate occasions.

> In addition to the admissions, the court has examined the exhibits the parties have filed with their Motions for Summary Judgment and the plaintiff's Resistance thereto. These include the documentary evidence from the transaction (i.e., the transactional documents that were prepared, signed and filed of record to effectuate the transaction), portions of deposition transcripts and the "Memorandum Opinion and Order" of the United States District Court for the Southern District of Iowa in Case No. 4–90–CV–10653.

> After nearly four years of litigation during which all parties undertook extensive discovery, the plaintiff has failed to provide this court with any documentary evidence which supports any of the allegations it made in its Petition. The only evidence offered by the plaintiff to defeat the defendants' Motions for Summary Judgment are the unsubstantiated, self-serving Affidavits of David Rosenberger, the president of Double D, and his wife, Doris Rosenberger. These Affidavits are contrary to all the documentary evidence. They are contrary to the deposition testimony. They are contrary to the admissions from Double D. The Affidavits of the Rosenbergers are not only belated, they are immaterial and irrelevant. These Affidavits are totally at variance with all evidence in this case. The court gives them no weight.

> It is clear from the evidence presented to this court that there is no genuine issue of material fact to be determined in this case. During the nearly four years this case has been winding its way through the court system, the plaintiff had time and opportunity to fully and completely develop evidence which would support the allegations contained in its Petition. It has not done so.

We find the quoted language above to be the main thrust of the district court's analysis of the motion for summary judgment. While

2. Double D makes reference to an April 1992 trial in the United States District Court for the Southern District of Iowa, Hon. Ronald E. Longstaff presiding, brought by Farm Credit Bank of Omaha, f/k/a Federal Land Bank of Omaha versus a number of parties that included David Rosenberger, Doris Rosenberger, Double D Land and Cattle Co., and Michael Brown.

issue preclusion was mentioned in passing by the district court, it was clearly not a substantial basis for its decision.

■■■■ Double D also contends the district court failed to give the affidavits offered by David and Doris Rosenberger sufficient weight in reaching its decision on the motion for summary judgment. Default admissions can serve as the factual predicate for summary judgment.[3] *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir.1987). "Affidavits and depositions entered in opposition to summary judgment that attempt to establish issues of fact cannot refute default admissions." *Id.* As Double D's claims failed to have a genuine fact issue due to the admissions,[4] the district court properly determined the affidavits could not refute those admissions.

■■■ Double D further contends the district court erred in ruling on the motion for summary judgment without ruling first on Double D's motions for enlargement of time to respond to the requests for admissions. Double D failed to respond within the thirty days required in the rules and also failed to respond within the time period they requested as an extension. As we previously stated, Double D's inactions rendered any ruling on their motion for enlargement of time moot. We find no error on the part of the district court.

Finally, Double D argues defendants failed to properly support their motions for summary judgment. We, however, conclude the district court properly concluded there was no genuine issue of material fact. There is sufficient evidence in the record to support the district court's determination the motion for summary judgment should be granted.

Upon consideration of all arguments raised by the parties on appeal, we affirm the district court on all issues presented, even though they may not have been specifically addressed in this opinion.

**AFFIRMED.**

---

**3.** Federal Rule of Civil Procedure 36 and Iowa Rules of Civil Procedure 127 and 128 are similar. In such situations, we may look to interpretations by federal courts for guidance in construing our own rule. *See Sherwood v. Nissen,* 179 N.W.2d 336, 339 (Iowa 1970).

**4.** Double D's breach of contract claim must fail since Double D has admitted there was no oral contract. Since the admissions included an admission there was no misrepresentation, both Double D's fraud claim and its claim based upon negligent misrepresentation must also fail. Double D's claim of conversion must fail since real property, not personal property, is the subject matter of the claim. Finally, Double D's quiet title action must fail since Double D was deemed to admit they had sold the entire interest in the real estate and there was no fraud or negligent misrepresentation involved in the sale.