# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0570
Filed April 1, 2026

————————————

**Gary R. Nelson and Julie L. Nelson,**
Plaintiffs–Appellees,

v.

**Brandon L. Nelson and Jacqueline N. Nelson,**
Defendants–Appellants,

and

**All Persons Unknown Claiming Any Right Title or Interest in and to A part of the NW1/4 of the NW1/4 of Section 10, Township 75, Ranger 41, West of the 5ᵗʰ P.M., Pottawattamie County, Iowa, described as follows; Beginning at the Southwest corner of the NW1/4 of the NW1/4 of Section 10, thence easterly 576.07 feet along the Quarter Section line, thence in a northerly direction 302.5 feet, thence westerly 576.07 feet to the West section line, thence southerly along said section line 302.5 feet to the point of beginning. NOTE: The West line of the NW1/4 of the NW1/4 is assumed to bear South 0°00'00'' East for this description,**
Defendants.

————————————

Appeal from the Iowa District Court for Pottawattamie County,
The Honorable Amy Zacharias, Judge.

————————————

**AFFIRMED**

————————————

1

Lawrence J.G. Roland of Wilson Puk LLP, Omaha, Nebraska, attorney for appellants.

Kelly N. Wyman of Wyman Law, Council Bluffs, and Dean T. Jennings of Jennings Law Firm, Council Bluffs, attorneys for appellees.

_____

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

This is a quiet title action resolved by summary judgment. It serves as a cautionary reminder that parties served with requests for admission should timely respond to the requests.

## I. Procedural and Factual Background

In 2017, Brandon and Jacqueline (Jackie) Nelson transferred real property to Gary and Julie Nelson by quitclaim deed. Gary and Julie[1] later developed concerns that Brandon and Jackie were making a claim to the property, so they filed a petition seeking to quiet title. Brandon and Jackie filed an answer that claimed Gary and Julie agreed to convey the property back to Brandon and Jackie in 2032.

As the case progressed, Gary and Julie served requests for admission on Brandon and Jackie. The relevant requests asked Brandon and Jackie to admit or deny that title to the property was vested in Gary and Julie; Gary and Julie "did not sign any [a]greement requiring them to reconvey the subject real estate to [Brandon and Jackie]"; Gary and Julie "refused and did not sign any [a]greement to reconvey the subject real estate to [Brandon and Jackie]"; and Brandon and Jackie "do not have any legal interest in the subject real estate." When Brandon and Jackie did not respond to the requests for admission within the deadline set by the Iowa Rules of Civil Procedure,[2] Gary and Julie moved for summary judgment based on the requests for admission being deemed admitted. *See* Iowa R. Civ. P. 1.510(2)

---

[1] Because all parties share a last name, we will refer to the parties by first names.

[2] In their filings in district court, Brandon and Julie acknowledged that they did not timely respond to the requests for admission.

(deeming requested admissions to be admitted when no timely response is made).

After Gary and Julie moved for summary judgment, Brandon and Jackie filed a motion for instruction regarding their intent to depose Curtis Heithoff. The motion asserted that Heithoff is a retired lawyer who represented all four parties in 2017, and Brandon and Jackie believed Heithoff possessed personal knowledge and documentary evidence that Gary and Julie agreed to reconvey the property to Brandon and Jackie in 2032. Gary and Julie would not waive attorney-client privilege, so the motion asked the court for guidance regarding Heithoff's obligation to testify and produce documents given Gary and Julie's refusal to waive privilege.

At the hearing on the motion for summary judgment, Brandon and Jackie asked the court to order Heithoff to turn over any signed documents relevant to the 2017 transaction. The court ordered Heithoff to do so. Heithoff turned over documents to the parties, who filed them with the court. The documents included the quitclaim deed and easements that were recorded as part of the 2017 transaction; unsigned documents related to Gary and Julie's estate plan that referenced the property; emails between Julie and Heithoff discussing some particulars of the estate plan and real estate transaction; and an unsigned real estate transfer agreement that included a provision requiring Gary and Julie to reconvey the property to Brandon and Jackie in 2032.

The district court, relying on the requests for admission, granted summary judgment to Gary and Julie and granted their petition to quiet title to the property. Brandon and Jackie appeal.

## II.    Standards of Review and for Summary Judgment

We review a district court's ruling on a motion for summary judgment for correction of errors at law. *Rheeder v. Gray*, 23 N.W.3d 1, 13 (Iowa 2025). Summary judgment is proper when the record shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* When determining whether a genuine issue of material fact exists, we view the record in the light most favorable to the nonmoving party, including making all reasonable inferences in that party's favor. *Id.*

## III.    Analysis

On appeal, Brandon and Jackie argue that (1) the court erred in ruling on the motion for summary judgment when no exhibits were offered and received; (2) the court erred by failing to consider the documents Heithoff provided; and (3) the court erred in ruling on the motion for summary judgment before ruling on Brandon and Jackie's motion for instruction regarding Heithoff's deposition. We address each issue in turn.

### A.    Record Support for Summary Judgment

Brandon and Jackie contend that Gary and Julie produced insufficient evidence to support their motion for summary judgment because they did not offer any exhibits. Their contention overlooks the impact of the requests for admission served on them.

Iowa Rule of Civil Procedure 1.510(1) provides:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of rule 1.503 set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

5

Gary and Julie served Brandon and Jackie with requests for admission. When Brandon and Jackie failed to timely respond to the requests, the requests were admitted and conclusively established.[3] *See* Iowa Rs. Civ. P. 1.510(2), 1.511. And such "[d]efault admissions can serve as the factual predicate for summary judgment." *Double D Land & Cattle Co., Inc. v. Brown*, 541 N.W.2d 547, 552 (Iowa Ct. App. 1995).

By way of the default admissions, Brandon and Jackie admitted that title to the property was vested in Gary and Julie; Gary and Julie "did not sign any [a]greement requiring them to reconvey the subject real estate to [Brandon and Jackie]"; Gary and Julie "refused and did not sign any [a]greement to reconvey the subject real estate to [Brandon and Jackie]"; and Brandon and Jackie "do not have any legal interest in the subject real estate." Those admissions alone are sufficient to support the court's conclusion that there is no genuine issue of material fact. *See id.* Additionally, the admissions entitle Gary and Julie to judgment as a matter of law because only evidence of a written agreement, signed by Gary and Julie, is competent to prove that an agreement to reconvey the property to Brandon and Jackie exists. *See* Iowa Code § 622.32(3) (2024)[4] (requiring contracts for the transfer of an interest in land to be in writing and signed by the party agreeing to transfer the interest). The district court's summary judgment ruling is supported by the

---

[3] Twenty days after the court issued its summary judgment ruling, Brandon and Jackie filed a motion asking the court to ignore their late filing, extend the time to respond, and permit them to respond to the requests. The court denied the motion, finding "[i]t is well past time to request an extension." The denial of that motion is not at issue on appeal.

[4] Iowa Code section 622.32(3) is Iowa's statute of frauds relating to land transfers. While there are exceptions to the statute of frauds pertaining to land transfers, Brandon and Jackie do not claim any exception applies.

record.

## B. Documents Produced by Heithoff

Next, Brandon and Jackie argue the court erred by failing to consider the documents Heithoff provided. They claim, had the court reviewed the documents, the court would have concluded that a genuine issue of material fact existed regarding whether Gary and Julie agreed to reconvey the property. This argument fails for two reasons.

First, there is no indication that the district court did not consider the documents Heithoff produced.

Second, even if the court had ignored the documents, it would not constitute error.[5] Iowa Rule of Civil Procedure 1.511 made Brandon and Jackie's default admissions "conclusive" and permitted the court to

---

[5] We note that, in their resistance to the motion for summary judgment, Brandon and Jackie did not attach or point to "parts of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits which support [their] contentions," as required by the rules of civil procedure. *See* Iowa R. Civ. P. 1.981(8) (requiring the moving party to make specific reference to such items); *see also* Iowa R. Civ. P. 1.981(5) (requiring the nonmoving party to respond "by affidavits or as otherwise provided in this rule"). Instead, they relied on their denials in their answer, which is not sufficient. *See* Iowa R. Civ. P. 1.981(5) (prohibiting the nonmoving party from "rest[ing] upon the mere allegations or denials in the pleadings"). And, even after Heithoff produced documents and they were filed with the court, Brandon and Jackie provided no affidavit or other means of authenticating or explaining the documents. *See id.* ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). Without any authenticating and explanatory testimony— by affidavit or otherwise—the court would be left to its own devices to interpret the purpose and meaning of the various documents, which contradicts the logic of rule 1.981.

disregard evidence intended to refute them to avoid summary judgment.[6] *See Pflepsen v. Univ. of Osteopathic Med.*, 519 N.W.2d 390, 392 (Iowa 1994) (finding a college's response to requests for admission that the dismissal of its student was for nonacademic purposes was conclusive even though improvident given other evidence that the student's "dismissal clearly qualifie[d] as academic"); *Double D Land*, 541 N.W.2d at 552 ("Affidavits and depositions entered in opposition to summary judgment that attempt to establish issues of fact cannot refute default admissions." (citation omitted)); *Seneca Waste Sols., Inc. v. D & K Managing Consultants, LLC*, No. 13-1777, 2015 WL 567272, at *5–6 (Iowa Ct. App. Feb. 11, 2015) (refusing to consider evidence that contradicted default admissions).

## C.     Lack of Ruling on Heithoff Deposition

For their final argument, Brandon and Jackie contend that the court should have ruled on their motion for instruction and allowed them to depose Heithoff before ruling on the motion for summary judgment. They claim that if the court had ruled on that motion and allowed them to depose Heithoff before ruling on the motion for summary judgment, the deposition would have produced sufficient evidence to create a genuine issue of material fact to avoid summary judgment. They also claim Heithoff's testimony would have created a genuine issue of material fact regarding their affirmative defense that they were fraudulently induced into transferring the property by Gary and Julie's representation that they would reconvey the property.

---

[6] Even if the court had been permitted to consider the documents produced by Heithoff—and ignored the foundational problems identified in the previous footnote—other than a copy of the quitclaim deed that initially conveyed the property to Gary and Julie, none of the documents produced were signed by Gary or Julie or demonstrate any intent or agreement by them to convey the property.

Brandon and Jackie's argument that Heithoff's testimony would have created a genuine issue of material fact as to whether Gary and Julie signed an agreement to reconvey the property is susceptible to many of the same weaknesses as their second argument. Brandon and Jackie have cited no authority that would require the district court to rule on their motion for instruction before ruling on the summary judgment motion. Even if the court had ruled on their motion and allowed them to depose Heithoff, his testimony would not create a genuine issue of material fact. Just as the court could ignore the documentary evidence Heithoff provided to try to refute Brandon and Jackie's default admissions, the court could also ignore any contradictory testimony. *See Double D Land*, 541 N.W.2d at 552; *Seneca Waste Sols.*, 2015 WL 567272, at *5–6. Also, because Brandon and Jackie allege that Gary and Julie contractually obligated themselves to transfer an interest in land, no testimony from Heithoff would be competent evidence of the contract. *See* Iowa Code § 622.32(3) (requiring a contract for the transfer of an interest in land to be established by a writing signed by the party agreeing to convey). Only a document signed by Gary and Julie is competent evidence of Brandon and Jackie's interest in the land. *See id.*

We also reject Brandon and Jackie's claims that, if the court had ruled on their motion for instruction and allowed them to depose Heithoff, his deposition would have created a genuine issue of material fact regarding their affirmative defense that they were fraudulently induced to transfer the land to Gary and Julie. When fraudulent inducement is claimed as an affirmative defense to contract formation, the party asserting the defense must show intentional concealment or misrepresentation of the fact that induced the party to enter the contract. *Holliday v. Rain & Hail L.L.C.*, 690 N.W.2d 59, 64 (Iowa 2004). Here, by their default admissions, Brandon and Jackie admitted that Gary and Julie "refused and did not sign any [a]greement to

reconvey [the property]." Gary and Julie could not have refused to reconvey the property while simultaneously concealing or misrepresenting the fact that they did not intend to reconvey the property. The default admission alone supports summary judgment, and any contrary evidence that Heithoff's testimony might have revealed could not refute the admission. *See Double D Land*, 541 N.W.2d at 552.

## IV.   Conclusion

Having rejected all of Brandon and Jackie's arguments on appeal, we affirm the district court's ruling on the motion for summary judgment.

**AFFIRMED.**